[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action seeking a dissolution of her marriage on the ground of intolerable cruelty. The defendant has counterclaimed seeking a dissolution on the ground of irretrievable breakdown.
This is the second marriage of the parties to each other, the first marriage having been dissolved on September 16, 1993.
The parties remarried at Montville, Connecticut, on December 3, 1993. The plaintiff's maiden name was Arlene Nunes.
The parties have resided continuously in this state for at least one year prior to this action. There are no minor children the issue of this marriage, and no minor children were born to the plaintiff since the date of the marriage. Neither party receives assistance from any governmental agency, and the marriage has broken down irretrievably with no prospect of reconciliation.
Both parties are employed and their respective financial affidavits show that the defendant's income is double that of the plaintiff. The plaintiff's health is poor. She suffers from diabetes, asthma and carpal tunnel syndrome.
The parties each claim that the other is responsible for the breakdown of their marriage. From the evidence produced, it would appear to this Court that both parties are responsible for the marriage breakdown. There was no CT Page 7613 communication between the parties and neither seemed to make any attempt to make the marriage work.
After full consideration of the evidence, the Court will enter a decree of dissolution on the grounds of irretrievable breakdown. The Court, after considering the factors as set out in Connecticut General Statutes §§ 46b-81 and46b-82, enters the following financial orders.
(1) Each party shall retain their own personal property.
(2) The defendant is to pay the plaintiff the $255 ordered by the Court on January 7, 1995, within thirty (30) days of this judgment.
(3) The defendant shall pay the alimony pendente lite that is $440 in arrears at $20 per week.
(4) The defendant shall retain his pension at his place of employment free of any claim by the plaintiff.
(5) The defendant shall obtain medical and health insurance coverage as available through his employer for the benefit of the plaintiff and he shall pay one-half (1/2) of the cost of a COBRA premium. The defendant's share of the premium shall be considered as alimony to the plaintiff and remain in effect until the death of either party, the remarriage of the plaintiff or cohabitation as that term is defined in General Statutes § 46b-86(b).
(6) The parties are to pay their respective debts as listed in their financial affidavits except the Union credit card bill shall be paid as ordered in the first divorce judgment.
(7) The defendant shall turn over by endorsement all medical reimbursement checks to the plaintiff and pay one-half (1/2) of the outstanding medical bills of the plaintiff.
(8) The defendant shall pay to the plaintiff as periodic alimony the sum of $125 a week for a period of five years. Said alimony shall terminate upon the death of either party, the plaintiff's remarriage or cohabitation as that term is defined in General Statutes § 46b-86(b), and shall be CT Page 7614 otherwise nonmodifiable as to term or amount.
(9) No award of attorney's fees is made as the Court cannot find that denying an award would undermine the other financial awards.
Quinn, J. State Trial Referee